# Haight, Appellant, *v.* Conners.

*Evidence—Parol contract to drill oil well for an interest therein—Assignment of the oil lease by defendant—Statute of frauds.*

In the case of a parol contract for the drilling of an oil well on land of which the defendant was the lessee under an oil lease, evidence on behalf of the defendant, in a suit for the drilling of the well, that the contract was that he should hold the oil and the property until the proceeds paid for the drilling when plaintiff was to have a quarter interest, is admissible. The statute of frauds has no bearing.

In such a case, evidence on behalf of the plaintiff that the defendant had conveyed the lease in question after the suit was brought, and after the plaintiff had repudiated the contract as set up and alleged by the defendant, is inadmissible.

Argued May 2, 1892. Appeal, No. 146, July T., 1891, by plaintiff, Frank Haight, from judgment of C. P. Warren Co., March T., 1888, No. 8, on verdict for defendant, P. Conners. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

Assumpsit for drilling an oil well.

On the trial before NOYES, P. J., it appeared that the plaintiff had drilled an oil well on land of which the defendant was the lessee under a written oil lease. The amount of the claim was not disputed. The defendant was allowed, under objec-

tion, to give his version of the contract and the terms of payment, as stated in the opinion of the Supreme Court. [1]

Plaintiff offered in evidence the record of an assignment by defendant to one Thompson of the leasehold in question, dated October 6, 1888. This offer was rejected. [2]

*Errors assigned* were, (1, 2) the rulings on evidence above stated.

*W. W. Wilbur* of *Wilbur & Schnur*, for appellant, cited Sands et al. v. Arthur, 84 Pa. 479 ; Whiting & Co. v. Pittsburg Opera House, 88 Pa. 100 ; Jennings v. McComb et al., 112 Pa. 518 ; Dumn v. Rothermel, Id. 272.

*J. H. Donly*, with him *Hinckley & Rice*, for appellee.

PER CURIAM, May 23, 1892:

The first specification alleges that the court erred in the admission of certain testimony of the defendant in regard to the nature of the contract between the parties. The contract was not in writing, and could only be proved by oral testimony. The plaintiff had testified that he had agreed to drill the well for the defendant for fifty cents a foot, and that he was to have an interest in the well when completed, provided he was able to take it and wanted to do so. In other words, he was to have an option to take an interest in the well when completed. The testimony, the admission of which is assigned for error, was the defendant's statement of the contract. His allegation was that the plaintiff was to do the drilling at fifty cents a foot, the defendant to pay the expenses, and to hold the oil and the property until the same was paid for by the proceeds, then the plaintiff was to have a quarter interest. We find no error in the admission of this evidence.

The evidence referred to in the second specification was clearly inadmissible. The assignment referred to was made after this suit was brought, and after the plaintiff had repudiated the contract as set up and alleged by the defendant.

We are unable to see that the statute of frauds has any bearing upon this case. The learned judge below left the question of the nature of the contract to the jury under an impartial charge, to which no exception was taken. The jury adopted the theory of the defendant and found a verdict in his favor.

Judgment affirmed.